SWIFT, Judge.
Daniel Richard, defendant-appellant, had an agricultural lease on the south half of Section 23, T-6-S, R-5-E, in St. Landry Parish. He orally contracted with Stelly Construction, Inc. (Stelly), plaintiff-appel-lee, to clear the land, agreeing to pay the latter $155.00 per acre, plus an extra $10.00 per acre on part of the acreage which was more difficult to clear due to logging operations conducted thereon by Louisiana Southern Forest Products, Inc. (Louisiana Southern) to remove the merchantable timber.
While engaged in their respective operations, Louisiana Southern cut timber from and Stelly cleared approximately 12 acres of the land immediately north of Richard’s tract which was owned by Planters Security Company, Inc. (Planters).
Planters sued Stelly, Louisiana Southern and Mr. Richard for damages for the trespass and the value of the timber taken. Stelly filed a separate action against Richard for the cost of clearing Planters’ acreage. The two suits were consolidated. However, during the trial Planters settled its case with the three defendants. Stelly’s suit against Richard proceeded to judgment and the court awarded the plaintiff $990.00 (one-half of the contract price) for clearing the 12 acres of the Planters tract. Richard appealed this judgment. We reverse.
Both Stelly’s president and its job foreman contended that Richard directed their bulldozer operators to proceed as they did. Richard denied this and the Stelly witnesses finally admitted that defendant had pointed out to them stakes at the northeast and northwest corners of the tract of land which he had under lease and told them to *1216 stay south of these markers.[1] Stelly’s main justification for its actions was that the stakes were one mile apart and the visibility range in the woods was only 20 feet. For this reason Richard was told that he had to have the north line of his property established by the surveyor in order for them to stay thereon and he agreed. However, this was not accomplished until after the trespass had occurred. The plaintiff contends that, because of Richard’s failure to clearly mark the northern boundary before Stelly commenced its operations, he is obliged under the contract between the parties to pay for the acreage cleared on the Planters tract.
Thus, Stelly is seeking to expand this contract to include the work performed on Planters’ property despite the fact that Richard intended and so informed Stelly that only his leased acreage was to be cleared. The latter’s failure to take its own proper precautions to see that the boundary between the two tracts was not transgressed cannot impose upon Richard any obligation to pay Stelly for clearing Planters’ land. The contract did not provide for payment for clearing any such additional land and Stelly knew or should have known that it was clearing land outside of the area covered by the agreement.
The trial judge based his award on the theory of unjust enrichment, citing Sylvester v. Dupre, 333 So.2d 447 (La.App. 3 Cir. 1976), writ denied 337 So.2d 224 (La.1976). In Sylvester this court said:
“Our law recognizes the general theory of a quasi contractual obligation, or an actio de in rem verso, founded on unjust enrichment. There are five prerequisites to a successful suit by actio de in rem verso: (1) There must be an enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and resulting impoverishment; (4) there must be an absence of ‘justification’ of ‘cause’ for the enrichment and impoverishment; and finally (5) the action will only be allowed when there is no other remedy at law, i. e., the action is subsidiary or corrective in nature.”
It appears that Mr. Richard was enriched by the sale of the timber taken from Planters’ 12 acres and Stelly suffered an impoverishment by reason of the expenses it incurred in clearing such property. However, there was no causal connection between the two. Richard was not enriched in any way by Stelly’s clearing part of the other tract. It was not Stelly but Louisiana Southern that cut and paid Richard for Planters’ merchantable timber. The money Richard received for the timber cut from Planters’ land was not a direct consequence and had no connection with Stelly’s work since it was Louisiana Southern that actually cut and paid him for this merchantable timber. Thus, it is clear that at least one of the five prerequisites to a successful suit based on unjust enrichment was not satisfied. Edmonston v. A-Second Mortgage Co. of Slidell, Inc., 289 So.2d 116 (La.1974).
For the foregoing reasons, the judgment of the district court is reversed and plaintiff’s suit is hereby dismissed. All costs of court, including this appeal, are assessed against the plaintiff-appellee.
REVERSED AND RENDERED.

. Actually, these stakes were set some twenty feet south of what was later established to be the true north boundary of the Richard tract, because the surveyor was not entirely certain at the time the stakes were set as to the exact location of said line. However, this is of no significance, because there would have been no trespass had Stelly stayed south of the line between the two stakes.